UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

ORIGINAL

Civil Case No. 00-1494 DDA/FLN

Tricia Lerohl a/k/a Patricia Lerohl,

Plaintiff,

v.

Friends of Minnesota Sinfonia d/b/a Minnesota Sinfonia; and Jay Fishman, an individual and an Employer,

Defendants.

**STIPULATED CONFIDENTIALITY ORDER**

Plaintiff Tricia Lerohl, by and through her attorney, Jill Clark, P.A. 2005 Aquila Avenue North, Golden Valley, Minnesota 55427, and Defendants, Friends of Minnesota Sinfonia d/b/a Minnesota Sinfonia, and Jay Fishman, by and through their attorneys, Thomas M. Sipkins and Sandra L. Conroy, Halleland Lewis Nilan Sipkins & Johnson, P.A., Pillsbury Center South, Suite 600, 220 South Sixth Street, Minneapolis, Minnesota 55402 hereby stipulate and agree as follows:

1. Any party may designate any item of business, medical, personnel or employment information, disclosed by it in the course of this litigation, as "Confidential" if the party has determined in good faith that the item contains a trade secret, proprietary information, financial reporting, or other confidential commercial, medical, personnel, or employment information.

2. All documents marked as "Confidential" as described in Paragraph 1 of this Stipulation shall be used only for purposes directly related to the prosecution of this lawsuit and shall be held in the strictest confidence by the parties, their attorneys and representatives and shall not be disclosed in any manner, at any time, or under any circumstances, to any person or entity not a party to this proceeding except as provided in Paragraph 3 of this Stipulation.

FEB 26 2001
FILED
CLERK
DEPUTY CLERK

3. No item designated Confidential by any party shall be disclosed without the prior written consent of the party who produced the item to any person or entity, except as follows:

a. To counsel for the respective parties to this litigation;

b. To employees of such counsel assigned to, and

c. To the named plaintiff, and to the limited number of officers or employees of defendant for the direct assistance of counsel in the defense of this litigation. Notwithstanding anything to the contrary, Plaintiff's medical records from Riverside Family Physicians may be seen and contents known **only** by the attorneys for defendants, and shall not be shown or contents discussed with any party-defendants or their agents or representatives. Plaintiff will mark these documents "**Confidential – Attorneys Eyes Only**" but this condition shall apply also to any documents defense counsel receives directly from that clinic or its copy service. These documents cannot be used, even in this litigation, including but not limited to motions exhibits, trial exhibits, depositions (either verbal discussiosn of contents or as exhibits), without the express written consent of Plaintiff counsel. In the event defense counsel deems it necessary to introduce one or more of these documents or discuss their contents in this litigation or with their client(s), they will send a letter to Plaintiff counsel (with no carbon copy to client(s)), explaining the reasons therefore. If after discussion counsel are unable to resolve the issue, it will be directed to the Court, in which case all documents will be filed with the Court under seal as set forth in Paragraph 6. Defense counsel will apprise its staff of this Confidentiality Order, so that the defendants are not inadvertently apprised of the documents or their contents;

d. To experts and/or consultants of any party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation, and only to the extent that the particular information disclosed is relevant to the expert's/consultant's particular involvement in the litigation and special area of expertise;

e. To the Court, if filed pursuant to Paragraph 6, and to others directly involved in court proceedings as the Court may direct; and

f. To deposition witnesses, subject to the requirements of Paragraph 4.

4. The parties may disclose Confidential items, or information or data from them, to any deposition witnesses only after the witness has agreed to abide by the terms of this Stipulated Order with respect to maintaining the confidentiality of such information or documents. If depositions conducted in this action involve items designated as Confidential, the portions of said depositions involving items shall be treated as confidential pursuant to the terms of this Stipulated Order.

5. No person receiving a Confidential item pursuant to this Stipulated Order shall disclose said item to any person, nor use it for any purpose, other than as specified in Paragraph 2, or as otherwise ordered by the Court. Any individual who receives a Confidential item pursuant to this Stipulated Order shall be advised of the terms of this Stipulated Order, and agree in writing to be bound by it prior to receipt of any Confidential item.

6. No party or person may file with the Court any Confidential item received pursuant to this Stipulated Order or any item which incorporated all or portions of any item designated Confidential pursuant to this Stipulated Order, unless said item is stamped or otherwise clearly designated "Confidential" on the face of the document. If a confidential item has been designated "Confidential – File Under Seal" no party or person may file the item with the Court unless said

item is enclosed in an envelope or container on the face of which shall be typed or stamped the following:

> **CONFIDENTIAL**
>
> This document is filed under seal, and unless otherwise by the United States District Court, shall not be reproduced for, or shown to, any persons other than counsel engaged in Lerohl v Minnesota Sinfonia and Jay Fishman, Civil No. 00-1494 DDA/FLN.

7. If a party disputes the designation of any item as Confidential or Confidential – File Under Seal, it may, upon proper motion, request that the Court determine whether such item that is marked Confidential shall be subject to the provisions of this Stipulated Order.

8. All items designated Confidential shall be subject to the provisions of this Stipulated Order even if they have been reproduced, summarized, or otherwise altered in form. All such reproductions, summaries, or other alterations in form shall be treated in the same manner as the Confidential item itself and shall be subject to the provisions of this Stipulated Order.

9. It this expressly recognized that, to accommodate a prompt resolution of the issues raised in this proceeding, the parties will be producing documents on an expedited basis and items deemed Confidential may inadvertently not be designated Confidential. In that event, any party may designate any item as Confidential after disclosure, by written notice to opposing counsel. From and after the receipt of notice, the item shall be treated as Confidential pursuant to the terms of this Stipulated Order.

10. At the conclusion of these proceedings, all confidential documents and transcripts and other papers containing such information, including but not limited to summaries, excerpts, copies or indices, shall be returned to the producing party, except that Counsel may retain one archival copy of Confidential items in their case file, which materials will otherwise remain subject to this

Stipulated Order. All Confidential items, no matter what form the producing party, subject to further order of this Court.

**Agreed to:**

Dated: 1/12/01

JILL CLARK
JILL CLARK, P.A.

Jill Clark, Reg. No. 196988
2005 Aquila Avenue North
Golden Valley, MN 55427
Phone: 763-417-9102
Fax: 763-417-9112

Attorney for Plaintiff

Dated: 2/12/01

HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.

Thomas M. Sipkins, Reg. No. 101564
Sandra Conroy, Reg. No. 267132
Pillsbury Center South
220 South Sixth Street, Suite 600
Minneapolis, MN 55402
Phone: 612-338-1838

Attorneys for Defendants

***

**So ordered.**

Dated: February 23, 2001

Magistrate Judge Franklin L. Noel

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.