**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

TRICIA LEROHL a/k/a PATRICIA LEROHL

Plaintiff,

vs.

FRIENDS OF MINNESOTA SINFONIA d/b/a MINNESOTA SINFONIA; and JAY FISHMAN, an individual and an employer,

Defendants.

Civil No. 00-1494 DDA/FLN

**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Jill Clark, P.A., by JILL CLARK, Golden Valley, Minnesota, appeared on behalf of Plaintiff.

Bassford, Lockhart, Truesdell & Briggs, P.A., by FREDERICK E. FINCH, Minneapolis, Minnesota, appeared on behalf of Defendants.

---

The threshold question in this case is whether Plaintiff Tricia Lerohl ("Lerohl") was an employee of Defendants Friends of Minnesota Sinfonia ("the Sinfonia") and Jay Fishman ("Fishman") for purposes of federal employment discrimination law. Both parties have moved for summary judgment on that issue, and the Defendants also have moved for summary judgment on all of Lerohl's state and federal claims. Because the Court holds that Lerohl was not an employee of the Sinfonia and Fishman, the Court will deny Lerohl's motion and will grant the motion of the Defendants in part. The Court will remand Lerohl's remaining Minnesota state law claims to state court.

The Sinfonia is a chamber orchestra that operates as a non-profit Minnesota corporation. Each year, the Sinfonia presents a number of concerts in the Minneapolis area. The Sinfonia maintains a list of "first call" or "regular" musicians to which it offers the opportunity to play for the Sinfonia for pay. Fishman, as artistic director for the Sinfonia, has the discretion to add or remove

FILED JAN 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

individual musicians from the "first call" list for any reason. The "first call" musicians generally receive advance notice of the Sinfonia's rehearsal and performance schedule and may elect to play at all or some of the Sinfonia's scheduled performances. "First call" musicians remain free to work on their own projects or to accept employment with third parties while maintaining their relationship with the Sinfonia. If one of the "first call" musicians decides not to play or cancels a commitment for a particular concert or series of concerts, the Sinfonia selects a substitute musician. Musicians working for the Sinfonia provide their own instruments and practice on their own outside of scheduled rehearsals. The Sinfonia has ultimate control over the selection and arrangement of the music for its performances, and the Sinfonia expects musicians working for it to abide by its rules of conduct. The Sinfonia pays musicians working for it on a "per set" basis, issuing checks each week based on the number of group rehearsals and performances each musician has attended. The Sinfonia provides no employee benefits to musicians working for it, although the Sinfonia as a union shop has agreed to pay union scale wages and to make contributions to the local musicians' union's pension plan based on those wages. The Sinfonia treats musicians working for it as independent contractors for tax purposes.

Lerohl is a professional french horn player. Lerohl performed with the Sinfonia from 1990 to 1999, and for at least some of that time Lerohl was on the Sinfonia's "first call" list. The Sinfonia ceased offering employment to Lerohl in 1999 following a dispute between Lerohl and Fishman. Lerohl commenced suit against the Sinfonia and Fishman in Minnesota state court in April 2000, alleging sexual discrimination and sexual harassment claims under federal and state law. The Defendants timely removed the matter to federal court, and Lerohl since has amended her Complaint to include other state law claims against both Defendants.

Title VII of the Civil Rights Act of 1964, upon which Lerohl bases her federal claims, protects employees and does not extend to independent contractors. Schweiger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 483 (8th Cir. 2000). Whether an individual is an employee or an independent contractor is a question of law determined through application of the test articulated in Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318 (1992). Schweiger, 207 F.3d at 483. Chief Judge

Rosenbaum of this District recently adopted Chief Magistrate Judge Noel's application of the Darden test to facts identical to those in this case and held that musicians working for the Sinfonia were independent contractors. Hanson v. Friends of Minnesota Sinfonia, Civil No. 00-1900 JMR/FLN (D. Minn. Jan. 10, 2002). Although Lerohl's employment status with the Sinfonia presents a close question, this case is indistinguishable from Hanson, and the Court agrees with the analysis and the conclusions of Judge Noel and Judge Rosenbaum in that case. Summary judgment in the Defendants' favor on Lerohl's federal claims accordingly is appropriate.

The Sinfonia and Fishman have moved for summary judgment on Lerohl's state law claims as well. Given that no basis for federal jurisdiction exists after the dismissal of Lerohl's Title VII claims, however, the Court will exercise its discretion to remand the state law issues to state court pursuant to 28 U.S.C. § 1441(c).

For the foregoing reasons, the Court hereby **ORDERS** that:

1. Plaintiff's Motion for Partial Summary Judgment is DENIED;
2. Defendants' Motion for Summary Judgment is GRANTED in part. Lerohl's claims under Title VII (Complaint Count I) are DISMISSED with prejudice;
3. Defendants' Motion for Summary Judgment is DENIED with respect to Lerohl's remaining state law claims;
4. Lerohl's remaining state law claims are REMANDED to the Hennepin County District Court of the State of Minnesota. This remand shall be stayed for forty days from the date of this Order. The Clerk is instructed not to remand the file during that stay or during any period in which an appeal from this case is pending before the Eighth Circuit Court of Appeals.

Dated: January 24, 2002

Donald D. Alsop

DONALD D. ALSOP, Senior Judge
United States District Court