**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

TRICIA LEROHL a/k/a PATRICIA LEROHL

Plaintiff,

vs.

FRIENDS OF MINNESOTA SINFONIA d/b/a MINNESOTA SINFONIA; and JAY FISHMAN, an individual and an employer,

Defendants.

Civil No. 00-1494 DDA/FLN

**ORDER ON PLAINTIFF'S MOTION TO VOID ADMINISTRATIVE REMAND OF CASE TO HENNEPIN COUNTY DISTRICT COURT**

---

Jill Clark, P.A., by JILL CLARK, Minneapolis, Minnesota, for Plaintiff.

Bassford Remele, P.A., by FREDERICK E. FINCH and MATTHEW J. FRANKEN, Minneapolis, Minnesota, for Defendants.

---

This is an employment discrimination case. Plaintiff Tricia Lerohl ("Lerohl") originally filed her Complaint, which included causes of action under both federal and state law, in Minnesota state court. Defendants Friends of Minnesota Sinfonia and Jay Fishman (collectively "the Sinfonia") removed the action to federal court. By Order dated January 24, 2002, the Court dismissed Lerohl's federal claims with prejudice and remanded Lerohl's state law claims to state court. That Order also stayed the remand while Lerohl's appeal from the resulting judgment was pending before the Eighth Circuit Court of Appeals. The Eighth Circuit affirmed the judgment, Lerohl v. Friends of Minn. Sinfonia, 322 F.3d 486 (8th Cir. 2003), petition for cert. filed, __ U.S.L.W. __ (U.S. Aug. 20, 2003) (No. 03-292), and the clerk duly remanded the case to state court after the Eighth Circuit issued its mandate. Lerohl's time for filing a petition for certiorari with the United States Supreme Court,

SEP 17 2003
FILED ______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

however, had not expired at the time of the remand, and Lerohl brought this motion[1] in an attempt to undo the remand and thereby avoid state court action on her state law claims while her federal claims remain pending in federal court. Lerohl ultimately filed a petition for certiorari with the United States Supreme Court. According to the affidavit of Lerohl's counsel, the state court has stayed proceedings in Lerohl's case pending disposition of this motion.

The relief Lerohl requests is consistent with the intent of the Court's January 24, 2002, Order, which was to stay the remand until Lerohl had completely exhausted her rights in federal court. Remanding prior to final resolution of Lerohl's federal claims would force Lerohl to maintain parallel proceedings in federal and state court, and that is the position in which Lerohl now finds herself. Such a situation, even if it worked no mischief upon the orderly resolution of the case, is a waste of scarce judicial and litigant resources and is precisely what the stay of the remand was designed to avoid. The most reasonable way of correcting that situation is to correct the January 24, 2002, Order to reflect the Court's intent. The only question is whether the Court presently has the authority to do so. The Court concludes that it does.

The remand in the January 24, 2002, Order was a matter of the Court's discretion with respect to supplemental state law claims over which the Court had jurisdiction. The absolute bar in 28 U.S.C. § 1447(d) against reviewing certain remands, regardless of error, accordingly does not apply here. Lindsey v. Dillard's, Inc., 306 F.3d 596, 599 (8th Cir. 2002). See also Hudson United Bank v. LiTenda Mortgage Corp., 142 F.3d 151, 159 (3d Cir. 1998) (holding that the district court had jurisdiction to entertain a motion to reconsider even after the district court remanded supplemental state law claims to state court). Although Lerohl's motion does not specify a rule allowing the relief she seeks, the Court has authority pursuant to Fed. R. Civ. P. 60(a) to correct errors in orders "arising from oversight or omission" at any time. Furthermore, contrary to the Sinfonia's suggestion, the Court may undertake such a correction subsequent to an appeal so long

[1] Lerohl simultaneously filed a motion with the Eighth Circuit to stay its mandate pursuant to Fed. R. App. P. 41. The Eighth Circuit denied that motion on August 18, 2003.

as the Court does not alter or amend the appellate ruling. In re Modern Textile, Inc., 900 F.2d 1184, 1193 (8th Cir. 1990). Neither party raised the remand issue during the appeal, and the Eighth Circuit opinion says nothing about the propriety of the remand. The record, finally, contains no indication that staying the remand at this point will prejudice the rights of the Sinfonia, and the state court has taken no substantive action with respect to Lerohl's state law claims with which a stay of the remand would interfere.

For the foregoing reasons, and based on all the records and proceedings in the case, **IT IS HEREBY ORDERED THAT:**

1. Paragraph 4 of this Court's Order dated January 24, 2002, in this case is VACATED. The Clerk shall so notify the Hennepin County District Court of the State of Minnesota.
2. The Clerk shall remand Lerohl's state law claims to the Hennepin County District Court of the State of Minnesota, although that remand is stayed pending further order of this Court.
3. The parties shall notify this Court when proceedings in the United States Supreme Court in this case are complete.

Dated: September 17, 2003

DONALD D. ALSOP, Senior Judge
United States District Court